IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON L. BULLOCK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-1J |
| | ) | Judge Kim R. Gibson/ |
| SUSAN BERRIER *Corrections Healthcare* | ) | Chief Magistrate Judge Maureen P. Kelly |
| *Admin., SCI Fayette*; MICHAEL J. | ) | |
| HERBIK *Medical Director, SCI Fayette*; | ) | |
| IRMA VIHIDAH *Correctional Healthcare* | ) | Re: ECF No. 1 |
| *Admin., SCI Greene*; JIN BYUNGHOK | ) | |
| *Medical Director, SCI Greene*; LISA | ) | |
| DUNCAN *License Psychologist, SCI* | ) | |
| *Fayette*; DR. PARKS *Physician, SCI* | ) | |
| *Fayette and Greene*; PETE SAVAADRA | ) | |
| *Psychiatrist, SCI Fayette*; MS. MATTES | ) | |
| *Physician Asst., SCI Greene*; DARLA | ) | |
| COWDEN *Physician Asst., SCI Fayette*; | ) | |
| CHRISTOPHER H. OPPMAN *Director of* | ) | |
| *Bureau of Healthcare*; MICHELLE DIGGS | ) | |
| *Physician Asst., SCI Fayette*; ROBERT J. | ) | |
| MARSH *Chief Psychiatrist*; M. GEORGE | ) | |
| *Physician Asst., SCI Fayette*; JOHN | ) | |
| WETZEL *Secretary of DOC*; WEXFORD | ) | |
| HEALTHCARE REP. (RACHELLE) | ) | |
| *SCI Fayette*; RONALD LONG *Medical* | ) | |
| *Director, SCI Smithfield*; DR. DARSCANI | ) | |
| *Physician, SCI Fayette and SCI Greene*; | ) | |
| DEBRA YOUNKIN *Corr. Healthcare,* | ) | |
| *SCI Houtzdale*; DORINA VARNER *Chief* | ) | |
| *Grievance Coor., DOC*; MOHAMMAD | ) | |
| NAJI *Med. Director, SCI Houtzdale*; | ) | |
| REBECCA PALMER *Unit Manager, SCI* | ) | |
| *Fayette*; STEVE GLUNT *Superintendent,* | ) | |
| *SCI Houtzdale*; E. JOHNSON *Unit* | ) | |
| *Manager, SCI Fayette*; JON FISHER | ) | |
| *Superintendent, SCI Smithfield*; BRIAN | ) | |
| COLEMAN *Superintendent, SCI Fayette*; | ) | |
| SCOTT NICHOLSEN *Major of Guard,* | ) | |
| *SCI Fayette*; PENNSYLVANIA | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| RANDALL S. PERRY *Director of Office* | ) | |

| *Of Population Management*; MS. HAWK | ) |
| *Unit Manager, SCI Fayette*; MR. RIDDLE | ) |
| *Unit Manager, SCI Fayette*; DEBRA | ) |
| HAWKINGBERRY *CCPM, SCI Fayette*; | ) |
| TAMMY MARTIN CESARINO *Major,* | ) |
| *SCI Fayette*; JOHN BENKO *DATSS, SCI* | ) |
| *Fayette*; MR. SEATON *DATS, SCI* | ) |
| *Fayette*; NOEL *ICN at SCI Fayette*; | ) |
| PHELBOTOMIST HICE *SCI Greene*; | ) |
| RICK VOYTKO *Psychologist, SCI* | ) |
| *Fayette,* | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), ECF No. 1, be denied.

## II. REPORT

Carlton L. Bullock ("Plaintiff"), also known as "Lamont C. Bullock"[1] is a prisoner who previously filed several prisoner civil rights actions in federal court, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case. Nor does Plaintiff come within the three strikes exception as the medical records provided by the Defendants definitively demonstrate that he is not in imminent danger of serious physical injury.

---

[1] The Court takes judicial notice of the Pennsylvania Department of Corrections Inmate Locator Website which shows that the inmate with the assigned inmate number of AS-1035, (which is the inmate number Plaintiff identifies as belonging to him in the caption of the proposed Complaint, ECF No. 1-1) is "Lamont C. Bullock." The Inmate Locator Website is available at:

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/

(site last visited 7/24/215).

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering Plaintiff's pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3] As the United States Court of Appeals for the Third Circuit has recognized, Plaintiff has at least three strikes: "The motion for leave to proceed *in forma pauperis* on appeal is denied. It is undisputed that appellant has at least 'three strikes' under 28 U.S.C. 1915(g). See, e.g., Bullock v. Grove,

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

C.A. No. 90-5311, order entered Nov. 30, 1990; Bullock v. Jadlocki, C.A. No. 92-7612, order entered Mar. 25, 1993; and Bullock v. Rupert, C.A. No. 99-3660, order entered May 10, 2000. Accordingly, he may not proceed in forma pauperis unless he can show 'imminent danger of serious physical injury'[.]" Bullock v. Dreibelbis, No. 11-3518 (3d Cir. Order filed 7/6/2012).

In his Complaint, Plaintiff complained that the Defendants have placed him in "imminent danger of serious physical injury, and ongoing danger [by their] … repeated denials of treatment for plaintiffs [sic] HIV Hepatitus [sic] Liver Diseases Herpie [sic] Simplex Virus. . . ." ECF No. 1-1 at 4. It is arguable whether such allegations are pled with sufficient specificity and sufficient imminence of serious physical injury in the instant Complaint to come within the "imminent danger of serious physical injury" exception to the three strikes provision. We note that the Pennsylvania Attorney General's office has entered a limited appearance on behalf of all of the Defendants, ECF No. 3, in order to oppose Plaintiff's IFP Motion and have provided medical records of Plaintiff that establish that he is not in imminent danger of serious physical injury. ECF No. 5. Now, it is for this Court to resolve the question of whether Plaintiff has carried his burden[4] to show imminent danger of serious physical injury. See, e.g., Taylor v. Watkins, 623 F.3d 483 (7th Cir. 2010) ("we agree with the district court in this case and the Third Circuit in Gibbs[ v. Roman, 116 F.3d 83 (3d Cir. 1997), *overruled on other grounds by*, Abdul-Akbar v.

---

[4] See Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013) ("Most of Ball's allegations plainly fail to demonstrate imminent danger of serious physical injury that would entitle her to the exception to the PLRA bar."). Accord Fuller v. Myers, 123 F. App's 365, 366 (10th Cir. 2005) ("To meet his burden under § 1915(g), the inmate must provide 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); Bronson v. Overton, Civ. A. No. 08–52E, 2010 WL 2512345, at *3 (W.D. Pa., May 27, 2010) ("it is clear that Plaintiff failed to carry his burden to prove entitlement to proceed IFP, i.e., failed to sufficiently show an imminent danger of serious physical injury").

McKelvie, 239 F.3d 307 (3d Cir. 2001),] that when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict.").

Defendants provided an affidavit from Paul Noel, M.D., who is the Chief of Clinical Services for the Bureau of Health Care Services, who reviewed Plaintiff's medical records and tests and attests that, contrary to Plaintiff's assertion that he has HIV, Herpes and Diabetes, "Mr. Bullock still does not have HIV; nor does he have diabetes or Herpes." ECF No. 5-7 at ¶ 5. Further, Dr. Noel attests that although Plaintiff does have Hepatitis C, treatment of his early stage Hepatitis C is "not medically necessary [and] [h]e will continue to be followed regularly in our Hepatitis Chronic Care Clinics with periodic blood work to monitor any progression of his Hepatitis C." Id. Dr. Noel further attests and Plaintiff's medical records support that Plaintiff "is not being denied medical treatment . . . . Mr. Bullock has several chronic medical conditions, including Hepatitis C, high blood pressure, enlarged prostate, asthma and high cholesterol, and he has been followed regularly and appropriately by facility medical staff for these conditions." Id. at ¶¶ 2 -3

Defendants also supplied an affidavit from Registered Nurse Nedra Grego who is employed as a Nurse Supervisor at SCI-Greene, where Plaintiff has been housed since late 2014. She attests that the medical records provided by the Defendants are true and correct copies of Plaintiff's medical charts for the past 18 months including lab results. Nurse Supervisor Grego attests that Plaintiff has been seen and treated by two prison physicians, and an outside ophthalmologist since the beginning of 2015, as well as being seen by other medical practitioners, for "frequent complaints of gastric distress, and reported bleeding from the rectum. Stool tests were performed but were negative for blood, and a rectal examination was negative. He has also been treated for urinary tract infection and many sinus-related complaints and issues.

He had x-rays in March 2015 which indicated normal, clear sinuses and ruled out sinusitis." ECF No. 5-6.

In light of the record before this Court, it is clear that Plaintiff is being treated appropriately for diseases that he has, and has been tested for other diseases, which tests show he does not have, such as HIV, herpes and diabetes. While Plaintiff claims in conclusory fashion that staff "fabricated medical records and tests results to cover up their willfully and deliberate conduct" ECF No. 1-1 at 5, we need not credit such conclusory and unsupported statements. Ball v. Famiglio, 726 F.3d at 468 ("[c]ourts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") (quoting Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)); id. ("And 'vague and utterly conclusory' assertions that medical treatment has been withheld, particularly when a prisoner has been seen repeatedly by a physician, do not amount to a showing of imminent danger." (citing White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). Indeed, there is no evidence of any tests that support the fact that Plaintiff has HIV, herpes or diabetes. Absent such evidence, we need not credit Plaintiff's contrary assertions.

Because Plaintiff has failed to carry his burden to show that he is in imminent danger of serious physical injury, which would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending IFP Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

          /s/Maureen P. Kelly
          MAUREEN P. KELLY
          CHIEF UNITED STATES MAGISTRATE JUDGE

Date: July 28, 2015

cc:    The Honorable Kim R. Gibson
       United States District Judge

       CARLTON L. BULLOCK
       AS-1035
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370