# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLTON L. BULLOCK, <br>         Plaintiff, <br><br> vs. <br><br> SUSAN BERRIER *Corrections Healthcare Admin., SCI Fayette*; MICHAEL J. HERBIK *Medical Director, SCI Fayette*; IRMA VIHIDAH *Correctional Healthcare Admin., SCI Greene*; JIN BYUNGHOK *Medical Director, SCI Greene*; LISA DUNCAN *License Psychologist, SCI Fayette*; DR. PARKS *Physician, SCI Fayette and Greene*; PETE SAVAADRA *Psychiatrist, SCI Fayette*; MS. MATTES *Physician Asst., SCI Greene*; DARLA COWDEN *Physician Asst., SCI Fayette*; CHRISTOPHER H. OPPMAN *Director of Bureau of Healthcare*; MICHELLE DIGGS *Physician Asst., SCI Fayette*; ROBERT J. MARSH *Chief Psychiatrist*; M. GEORGE *Physician Asst., SCI Fayette*; JOHN WETZEL *Secretary of DOC*; WEXFORD HEALTHCARE REP. (RACHELLE) *SCI Fayette*; RONALD LONG *Medical Director, SCI Smithfield*; DR. DARSCANI *Physician, SCI Fayette and SCI Greene*; DEBRA YOUNKIN *Corr. Healthcare, SCI Houtzdale*; DORINA VARNER *Chief Grievance Coor., DOC*; MOHAMMAD NAJI *Med. Director, SCI Houtzdale*; REBECCA PALMER *Unit Manager, SCI Fayette*; STEVE GLUNT *Superintendent, SCI Houtzdale*; E. JOHNSON *Unit Manager, SCI Fayette*; JON FISHER *Superintendent, SCI Smithfield*; BRIAN COLEMAN *Superintendent, SCI Fayette*; SCOTT NICHOLSEN *Major of Guard, SCI Fayette*; PENNSYLVANIA DEPARTMENT OF CORRECTIONS; RANDALL S. PERRY *Director of Office* | Civil Action No. 15-1J <br> Judge Kim R. Gibson/ <br> Chief Magistrate Judge Maureen P. Kelly |

| | |
|---|---|
| *Of Population Management*; MS. HAWK *Unit Manager, SCI Fayette*; MR. RIDDLE *Unit Manager, SCI Fayette*; DEBRA HAWKINGBERRY *CCPM, SCI Fayette*; TAMMY MARTIN CESARINO *Major, SCI Fayette*; JOHN BENKO *DATSS, SCI Fayette*; MR. SEATON *DATS, SCI Fayette*; NOEL *ICN at SCI Fayette*; PHELBOTOMIST HICE *SCI Greene*; RICK VOYTKO *Psychologist, SCI Fayette*, <br> Defendants. | Re: ECF Nos. 1, 14, 16 & 18 |

## **MEMORANDUM ORDER**

Carlton L. Bullock ("Plaintiff"), a very litigious prisoner, who has three strikes, now seeks to file yet another prisoner civil rights suit, naming 38 different defendants.

After a Report and Recommendation was filed by Chief Magistrate Judge Kelly, recommending denial of Plaintiff's IFP Motion, Plaintiff filed multiple motions, requesting inter alia, extensions of time in order to file objections; a hearing; and a stay of this case pending discovery, but he failed to file any Objections to the Report. This Order addresses his motions as well as his failure to file Objections.

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on January 5, 2015 and was referred to Chief United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Chief Magistrate Judge issued a deficiency order requiring Plaintiff to provide service papers for all of the defendants. Plaintiff requested an extension of time in which to do so, ECF No. 2, which the Court granted by text order entered February 9, 2015. The Attorney General entered a limited appearance, ECF No. 3, and the Defendants were ordered to file a

response to Plaintiff's allegations of imminent danger. ECF No. 4. Defendants filed their Response along with medical records disproving Plaintiff's allegations of imminent danger of serious physical injury ("Defendants' Response"). ECF No. 5.

The Chief Magistrate Judges 's Report and Recommendation (the "Report"), ECF No. 6, filed on July 28, 2015, recommended that Plaintiff's IFP Motion be denied. Plaintiff was given until August 14, 201 to file any objections. The day after the Report was filed, Plaintiff filed a Motion for Extension of Time to file a Reply to the Defendants' Response. The Chief Magistrate Judge denied Plaintiff's request and directed that he could make any arguments needed in his Objections. ECF No. 8. Plaintiff then filed a Motion for Clarification seeking to have the Report cite more specifically what medical records are relevant to his claim that he has HIV, Hepatitis Liver Disease, Herpes and Diabetes. ECF No. 9 at 2. On the same date that he filed the Motion for Clarification, Plaintiff also filed a Motion for Extension of Time to file Objections to the Report. ECF No. 10. The Chief Magistrate Judge denied the Motion for Clarification but granted the Motion for Extension of Time, and gave Plaintiff until September 8, 2015 to file Objections and noted that no further extensions would be granted. ECF No. 11. Plaintiff filed yet another Motion for Extension of Time, ECF No. 12, which was denied by the Chief Magistrate Judge as moot in light of the grant of Plaintiff's earlier Motion. ECF No. 13.

It is now well past September 8, and no Objections have been filed.

Instead of Objections, Plaintiff filed three more motions. The first Motion is a Motion For a Hearing on his allegations of imminent danger, ECF No. 14 and a Brief in Support. ECF No. 15. The second is a Motion to Stay these proceedings pending Discovery being conducted, ECF No. 16 and a brief in support thereof, ECF No. 17. The third is a Motion to Compel Discovery, ECF No. 18 and a Brief in Support. ECF No. 19. The Discovery sought is a copy of

all grievances, complaints and other documents and a copy of all of his medical records. ECF No. 18-2.

Taking up the third motion first, it is clear that Plaintiff should have copies of all such grievances given the way the grievance system works. To the extent that he seeks all of his medical records, the relevant medical records and affidavits show what they show and are sufficient to rebut Plaintiff's allegations of imminent danger of serious physical injury. This is just one more example of Plaintiff's vexatious litigation tactics. The Motion to Compel is DENIED. In this regard, we note that the present suit is repetitious of claims made in at least two prior suits which were ultimately unsuccessful. See, e.g., Carlton L. Bullock v. Dreibelbis, No. 3:10-cv-1032 (M.D. Pa. R&R, ECF No. 77 at 2, filed 5/13/11) ("The plaintiff alleges the following facts in the complaint. The plaintiff is suffering from HIV, Hepatitis C, diabetes, and the herpes simplex virus. The defendants are deliberately denying the plaintiff treatment for these diseases and illnesses. The defendants have: 1) denied all of the plaintiff's grievances; 2) fabricated the plaintiff's medical records to cause it to falsely appear that the plaintiff is refusing medical attention and treatment; 3) allowed the aforementioned diseases to progress; and 4) falsely claimed that the plaintiff does not have the aforementioned diseases."), *Report adopted*, ECF No. 81, *IFP denied on appeal by*, Bullock v. Dreibelbis, No. 11-3518 (3d Cir. June 21, 2012), *appeal dismissed by*, Id., (3d Cir. July 25, 2012). See also Stewart v. Beard, 3:07-CV-1916 (M.D. Pa.).

The Motion for a Hearing and the Motion to Stay these proceedings are DENIED.

Having been given two extensions of time in which to file the Objections and having been warned that no further extensions would be granted, and no Objections having been filed by the date required, and after de novo review of the entire record, the Plaintiff's Motion for Leave

to Proceed IFP is DENIED and the Report is adopted as the Opinion of the Court. Plaintiff must pay the entire filing fee by October 1, 2015 or the case will be dismissed for failure to prosecute without further warning.

September 15, 2015    /s/ _____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE


cc:  Carlton L. Bullock
     AS-1035
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370